IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>Plaintiff, )<br>)<br>   )<br>v.  )<br>)<br>**GOODWILL INDUSTRIES OF SOUTHWEST OKLAHOMA AND NORTH TEXAS, INC.,** )<br>)<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO. CIV-11-1043-D<br><br>JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, as amended, to correct the unlawful employment practices of Defendant Goodwill Industries of Southwest Oklahoma and North Texas, Inc. ("Defendant"), taken in retaliation against Mary Goulet for engaging in protected activity, and to provide appropriate relief to Mary Goulet, who was adversely affected by such retaliation, as alleged with greater particularity in paragraphs 8(a) through 8(i) and 13(a) through 13(i) below.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("the ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217; and pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed in Comanche County, State of Oklahoma and within the jurisdiction of the United States District Court for the Western District of Oklahoma, which is the appropriate venue.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and Title VII, and is expressly authorized to bring this action by Sections 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Goodwill Industries of Southwest Oklahoma and North Texas, Inc. ("Defendant" or "Goodwill"), has continuously been an Oklahoma corporation doing business in the City of Lawton, State of Oklahoma and has continuously employed at least 20 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## TITLE VII RETALIATION CLAIM

7.      More than 30 days prior to the institution of this lawsuit, Mary Goulet filed a charge with the Commission alleging violations of Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

8.      Since at least March 19, 2010, Defendant engaged in unlawful employment practices at its corporate offices in Lawton, Oklahoma, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) in that:

>   (a)   In June of 2008, Defendant's Board of Directors appointed Jimmy Crews to be its Chief Executive Officer ("CEO").  After the appointment of Crews, another officer of Goodwill filed a discrimination lawsuit alleging that she had not been promoted to the CEO position when Crews was selected because of her age and gender, in violation of Title VII and the ADEA.
>
>   (b)   On March 19, 2010, Mary Goulet was deposed as a witness in the age discrimination and sex discrimination lawsuit identified in Paragraph No. 8(a).  During her deposition, Goulet provided testimony favorable to the plaintiff's sex discrimination claim and unfavorable to Defendant's claims denying sex discrimination.
>
>   (c)   Crews, Defendant's CEO, attended and was present when Goulet testified at her deposition on March 19, 2010.
>
>   (d)   Within a week of Goulet's deposition, Defendant through its CEO began an investigation of Goulet in part because of her deposition testimony

       described in paragraph 8(b) and on June 16, 2010, terminated Goulet in part because of her testimony.

(e) Goulet's testimony at her deposition constituted activity protected by Section 704(a) of Title VII, 42 U.S.C. § 2000-e(3)(a).

(f) Defendant retaliated against Goulet for participating in the protected activity as a witness, to wit her testimony described in Paragraph 8(b).

(g) Defendant retaliated against Goulet for opposing sex discrimination when she testified in her deposition described in Paragraph 8(b).

(h) The testimony given by Goulet during her deposition was a motivating factor for the Defendant to terminate Goulet.

(i) Defendant subjected Goulet to unfavorable terms and conditions of employment including heightened performance scrutiny, disciplinary counseling and actions, and subsequently terminated her on June 16, 2010, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

9. The effect of the Defendant's practices, complained of above, has been to deprive Mary Goulet of equal employment opportunities and otherwise adversely affect her employment status in retaliation for her engaging in protected activity, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

10. The unlawful employment practices of Defendant, complained of in paragraphs 8(a) to 8(i) were intentional.

11. The unlawful employment practices of Defendant, complained of in paragraphs 8(a) to 8(i) were done with malice or reckless indifference to the federally protected rights of Mary Goulet.

## ADEA RETALIATION CLAIM

## CONCILIATION

12.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIM

13.     Since at least March 19, 2010, Defendant engaged in unlawful employment practices at its corporate offices in Lawton, Oklahoma, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d), in that:

    (a)     In June of 2008, Defendant's Board of Directors appointed Jimmy Crews to be its Chief Executive Officer ("CEO"). After the appointment of Crews, another officer of Goodwill filed a discrimination lawsuit alleging that she had not been promoted to the CEO position when Crews was selected because of her age and gender, in violation of Title VII and the ADEA.

    (b)     On March 19, 2010, Mary Goulet was deposed as a witness in the age discrimination and sex discrimination lawsuit identified in Paragraph No. 13(a).

    (c)     Crews, Defendant's CEO, attended and was present when Goulet testified at her deposition on March 19, 2010.

    (d)     Within a week of Goulet's deposition, Defendant through its CEO began an investigation of Goulet in part because of her deposition testimony

      described in paragraph 13(b) and on June 16, 2010, terminated Goulet because of her testimony.

    (e)    Goulet's testimony at her deposition constituted activity protected by Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

    (f)    Defendant retaliated against Goulet for participating in protected activity, to wit her testimony described in Paragraph 13(b).

    (g)    The testimony given by Goulet during her deposition was a but for factor for the Defendant to terminate Goulet.

    (h)    Defendant subjected Goulet to unfavorable terms and conditions of employment including heightened performance scrutiny, disciplinary counseling and actions, and subsequently terminated her on June 16, 2010, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

14.    The effect of the Defendant's practices, complained of above, has been to deprive Mary Goulet of equal employment opportunities and otherwise adversely affect her employment status in retaliation for her engaging in protected activity, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

15.    The unlawful employment practices complained of in paragraphs 13(a) to 13(i) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate or retaliate

against its employees because they have testified in a deposition or at a trial or hearing in a proceeding brought under Title VII, and/or the ADEA, or because they have opposed sex and/or age discrimination in employment.

   B  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have testified in a deposition or at a trial or hearing in a proceeding brought under Title VII and/or the ADEA, or because they have opposed sex and/or age discrimination in employment, and to eradicate the effects of Defendant's past and present unlawful employment practices.

   C.  Order Defendant to make Mary Goulet whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices under Title VII.

   D.  Order Defendant to make Mary Goulet whole by providing compensation for past, present, and future pecuniary injuries resulting from the unlawful practices complained of above, including job search expenses, medical expenses, and expenses incurred by the liquidation of assets for living expenses, in amounts to be determined at trial.

   E.  Order Defendant to make Mary Goulet whole by providing compensation for past, present, and future non-pecuniary injuries resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

   F.  Order Defendant to pay Mary Goulet punitive damages, pursuant to 42 U.S.C. § 2000-3a and 42 U.S.C. § 1981a, for its malicious and reckless conduct as described above, in an amount to be determined at trial.

G. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, prejudgment interest, and punitive damages in an amount to be determined at trial, to Mary Goulet as an individual whose wages were unlawfully withheld as a result of the acts complained of above, as provided by the ADEA.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
barbara.seely@eeoc.gov

C. FELIX MILLER
Supervisory Trial Attorney
felix.miller@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office

/s/Jeff A. Lee
JEFF A LEE, OBA #13483
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4375
(405) 231-5816 (fax)
jeff.lee@eeoc.gov