IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and MARY A. GOULET, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-11-1043-D |
| GOODWILL INDUSTRIES OF SOUTHWEST OKLAHOMA AND NORTH TEXAS, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is the motion [Doc. No. 107] of Defendant Goodwill Industries of Southwest Oklahoma and North Texas, Inc. ("Goodwill"). Goodwill asks the Court to reconsider its ruling denying its motion for summary judgment as to claims of retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiffs the Equal Employment Opportunity Commission ("EEOC") and Mary A. Goulet ("Goulet") have filed responses opposing the motion.

On September 30, 2013, the Court entered its Order [Doc. No. 102] granting Goodwill's motion for summary judgment on all claims asserted by Goulet and the EEOC except the Title VII and ADEA retaliation claims. Goodwill now asks the Court to reconsider its ruling on the two remaining claims and grant it judgment on all claims.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Where a party seeks reconsideration of a summary judgment ruling, the Court applies the standards governing

Rule 59(e) motions. *Parks v. AT&T Mobility, LLC,* 2013 WL 952214 (W.D. Okla. Mar. 11, 2013) (unpublished). "The purpose for such a motion is to correct manifest errors of law or present newly discovered evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted).

In this case, Goodwill does not address the standards governing Rule 59(e). It does not contend that newly discovered evidence should be considered. Instead, it characterizes its argument as attempting to prevent manifest injustice, alleging that exceptional circumstances are presented by the facts of this case in light of the Supreme Court decision in *University of Texas Southwest Medical Center v. Nassar,* 570 U.S. __, 133 S.Ct. 2517 (2013) in which the Court held that Title VII retaliation clams require proof that "the desire to retaliate was the but-for cause of the challenged employment action." *Id.* at 2533.

The Court's summary judgment Order addressed, *inter alia*, the cross-motions of Plaintiffs and Goodwill in which each sought summary judgment on the claims of unlawful retaliation in violation of Title VII and the ADEA. The retaliation claims were based on the undisputed fact that Goulet offered deposition testimony in support of a lawsuit filed by Francy Ford,[1] another Goodwill employee who asserted claims that she was not selected as Goodwill's Chief Executive Officer because of her gender and/or age. Goodwill subsequently terminated Goulet's employment, claiming that its decision to do so was unrelated to Goulet's testimony and was based on justifiable reasons.

In the Order addressing the parties' arguments on these claims, the Court discussed *Nassar* and its application to the facts of record in this case. It concluded that whether Goulet would have

---

[1]*Ford v. Goodwill*, Case No. CIV-09-578-M, United States District Court, Western District of Oklahoma.

2

been terminated but for her deposition testimony was the subject of disputed material facts which could not properly be resolved at the summary judgment stage of this litigation.

In its current motion, Goodwill reiterates the arguments it asserted in its summary judgment motion. Having reviewed the same in detail, the Court finds no basis for reconsidering its previous ruling. The motion to reconsider [Doc. No. 107] is DENIED. The case will proceed accordingly.

IT IS SO ORDERED this 7th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE