## IN THE UNITED STATES DISTRICT COURT  FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION and MARY GOULET, )
                              )
      **Plaintiff and Plaintiff-Intervenor,** )
                              )
      **vs.** )         **Case No. CIV-11-1043-D**
                              )
GOODWILL INDUSTRIES OF )
SOUTHWEST OKLAHOMA and )
NORTH TEXAS, INC., )
                              )
      **Defendant.** )

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") commenced this action alleging that Defendant Goodwill Industries of Southwest Oklahoma And North Texas, Inc. ("Goodwill") retaliated against Mary Goulet by terminating her employment for giving deposition testimony in the age and sex discrimination lawsuit of *Francy Ford v Goodwill Industries of SW Oklahoma & N. Texas, Inc.*, CIV-09-578-M (W.D. Okla.), in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and in violation of the Age Discrimination in Employment Act of 1967, as amended, ("ADEA").   Mary Goulet ("Plaintiff-Intervenor") has intervened in this action.

Goodwill filed an Answer in which it denied the allegations. Nothing in this decree constitutes an admission by any party as to the claims or defenses of another party. For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of

further litigation.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the purposes of Title VII and the ADEA, will be carried out by the entering of this Decree; (iii) this Decree is intended to and does resolve all claims asserted in this action; (iv) the terms of this Decree constitute a fair and equitable settlement of all claims asserted in this action; and (v) this Consent Decree is being entered with the consent of the parties for purposes of settlement.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

### I. General Provisions

Defendant shall not discriminate or retaliate against any employee because such employee has: (i) opposed any employment practice alleged to be unlawful under Title VII, the ADEA, ADA, GINA, and/or the EPA; (ii) participated in an investigation concerning or related to allegations of discrimination under Title VII, the ADEA, the ADA, GINA and/or the EPA; (iii) participated in this lawsuit and/or the EEOC investigation of the charge forming the predicate for this lawsuit; and/or (iv) benefited in any way as a result of this Consent Decree.

### II. Monetary Relief

Goodwill's former insurance company has made the decision to pay $100,000 to Mary Goulet as an economic method of ending the litigation with the Plaintiffs. Therefore Goodwill shall pay Plaintiff-Intervenor Mary Goulet $100,000 (the "Settlement Amount") for all claims filed by the EEOC and all claims filed by Mary Goulet. The Settlement

Amount includes checks for all relief claimed for back pay, compensatory damages, and attorney's fees and any other claim raised by Mary Goulet in this action,  copies of which shall be sent to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A.  McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.

## III. Injunctive Relief

### A.  Notice and Posting

1.      Within thirty (30) days of the entry of the Consent Decree by the Court, Defendant shall post a Notice, or provided individually to all employees (which may be accomplished by the inclusion of the Notice in an introductory letter in Goodwill's Policy and Procedure Manual so long as every employee receives a copy) signed by its Chief Executive Officer, a copy of which is attached hereto as Exhibit A, on all break room and lunch room bulletin boards and in all other places where notices to employees are customarily posted, at all of its facilities.  Such Notice shall remain posted or provided annually to each employee during the two (2) year term of the Consent Decree.

2.      Within thirty (30) days of the entry of the Consent Decree by the Court, Defendant shall provide a copy of Defendant's anti-retaliation policy and open door policy to all of its employees.

3.      Within thirty (30) days of the entry of the Consent Decree, Defendant shall mail copies of the Notice and Policy required above to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.

### B.  Training

1.      Within ninety (90) days of the Court's entry of the Consent Decree, Defendant

shall cause all of its managers and human resources employees to attend three hours of

employment discrimination training, focusing on the prevention of retaliation against employees

who file complaints of discrimination as well as the protection of employees who have

participated as witnesses in any investigation of a complaint of discrimination. As part of such

training, each manager and human resources employee shall be instructed that he or she must

fully comply with Defendant's anti-retaliation policy and must promptly report to its Chief

Executive Officer or member of its board of directors, any and all conduct that may constitute

unlawful retaliation.

2.      Thirty (30) days prior to the training, Defendant shall provide an outline and

description of the training and the training materials for review and approval to the EEOC c/o

Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.

3.      All managers newly hired or promoted after the training occurs shall attend or

watch a video recording of the same training within ninety (90) days of said hire or promotion.

Such training shall emphasize that any and all conduct that may constitute retaliation shall be

grounds for immediate discipline, including demotion and termination, and that each manager's

and each human resources employee's performance evaluations and future salary increases  and

bonuses will be based in part on effectively implementing Defendant's anti-retaliation  policy.

4.      Within sixty (60) days of the Court's entry of the Consent Decree, Defendant will

mail, or email, or hand-deliver, a letter to all its employees on its letterhead and signed by its

Chief Executive Officer describing its anti-retaliation policy, if not already complied with above.

 The letter will explain that each employee has the right to complain about employment

discrimination, whether directed against him or her or to another employee, and that Defendant

will not retaliate against any employee who makes complaints of employment discrimination and

designate who the employee is to contact under the policy.

5.      Within thirty (30) days of the Court's entry of the Consent Decree, Defendant will mail a copy of the letter, designated in ¶ 4 above, for review and approval to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.

6.      Defendant shall annually,  provide at least one (1) hour of refresher training on the anti-retaliation provisions of  Title VII, the ADEA, the ADA, the GINA and the EPA to all managers and human resources employees at the Goodwill corporate facility.

7.      Within thirty (30) days of completion of the initial training, Defendant shall provide written certification of compliance to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.  Such certification of the initial training shall include the completed Certification of Training Attendance, attached hereto as Exhibit B.

### C.  Inspection and Monitoring

1      Defendant shall produce an annual report, beginning from the date of the Consent Decree, of each formal complaint received by Defendant from any of its applicants or employees of any discrimination prohibited by Title VII, the ADEA, the ADA, the GINA, and/or the EPA.  The report shall be mailed upon request to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102.  This report shall contain the identity of the person making the complaint, the identity of any persons listed as witnesses in the complaint, the date of the complaint, a brief description of the complaint, and the identity of any persons alleged in the complaint to have violated Title VII, the ADEA, the ADA, the GINA, and/or the EPA. The report of any formal discrimination complaints made internally by any

employee shall include the outcome of the complaint and whether any adverse employment action was taken against any employee. This report shall not be requested more than once a year, and shall not be made public or given to any person or entity outside the EEOC.

2.      Within six (6) months of the entry of the Consent Decree, Defendant shall provide written notice to the EEOC of compliance with the requirements set forth in Sections III (A) and (B) of the Consent Decree to the EEOC, c/o Jeff Lee, Trial Attorney, 215 Dean A. McGee Ave, Suite 524, Oklahoma City, Oklahoma 73102, if not already complied with above.

3.      For the duration of the Consent Decree, Defendant shall allow representatives of the Equal Employment Opportunity Commission to inspect the premises of Defendant's facilities to assure compliance with the Consent Decree.  Such review of compliance shall be initiated by written notice to the attorney of record for Defendant at least five (5) business days in advance of any such inspection.  Defendant has the right to have its attorney of record present during any such inspection.

## IV. Term and Effect of Decree

1.      By entering into the Consent Decree, the parties do not intend to resolve any charges of discrimination other than the charge filed by the Plaintiff-Intervenor with the EEOC which formed the foundation for EEOC's Complaint and the foundation for the Plaintiff-Intervenor's Complaint in this action.

2.      The Consent Decree shall remain in force for a period of two (2) years during  which term the Court shall retain jurisdiction for enforcement purposes.

3.      The Consent Decree shall be binding upon the parties hereto, their

successors and assigns.  Defendant shall notify any successors and assigns, including but not limited to any and all purchasers or prospective purchasers, of the obligations of the Consent Decree during the two (2) year term of the Consent Decree.

    4.     The parties shall bear their own costs and attorneys' fees.

**IT IS SO ORDERED this 22 day of July, 2014.**

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Diane I. Smason
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office

s/

Jeff A. Lee, OBA #13483
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4375
(405) 231-5816 (fax)
jeff.lee@eeoc.gov

*Counsel for Plaintiff Equal Employment Opportunity
Commission*

Jana B. Leonard, OBA # 17844
Shannon C. Haupt, OBA # 18922
Lauren W. Johnston, OBA # 22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, OK 73139
Telephone: (405) 239-3800
Facsimile: (405) 239-3801
leonardjb@leonardlaw.net
haupts@leonardlaw.net
johnstonlw@leonardlaw.net

*Attorneys for the Plaintiff-Intervenor Mary Goulet*

8

Richard R. Rice, OBA #15129
RICE LAW FIRM
1401 S. Douglas Blvd, Ste, A
Midwest City, OK 73130
(405)732-6000/737-7446 (fax)
Rice@ricelawfirm.net


Jim T. Priest, OBA #7310
Leah M. Avey, OBA #21591
RUBENSTEIN & PITTS, PLLC
1503 E. 19th Street
Edmond, OK 73013
Telephone: 405.340.1900
Facsimile: 405.340.1001
jpriest@oklawpatners.com
lavey@oklawpartners.com

*Counsel for Defendant Goodwill Industries of Southwest Oklahoma and North Texas, Inc.*

## EXHIBIT A
[Goodwill letterhead]

## NOTICE TO EMPLOYEES AND APPLICANTS

This Notice serves to reaffirm Goodwill Industries of Southwest Oklahoma and North Texas, Inc.'s continued commitment to a workplace free from unlawful retaliation, including unlawful discrimination on the basis of race, sex, and age.

Federal law, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Genetic Information Non-discrimination Act, and the Equal Pay Act, prohibits discrimination against any employee or applicant for employment because of the individual's sex, disability, religion, race, color, national origin, genetic information, or age (40 and above) with respect to hiring, promotion, firing, compensation, harassment, accommodation requests, and/or other terms, conditions, or privileges of employment.  Federal law prohibits retaliation against an employee or applicant who exercises any rights guaranteed by these laws.  Title VII and the ADEA specifically requires Goodwill Industries of Southwest Oklahoma and North Texas, Inc. not to discriminate based on race, sex, or age, or any combination thereof, and mandates further that Goodwill will not retaliate against any employees who have reported such discrimination or engaged in any proceeding  under these statutes, including participation in the investigation of a charge of discrimination, giving a deposition in a lawsuit alleging the violation of one of these statutes, or bringing or testifying in a lawsuit alleging the violation of one of these statutes .

Goodwill Industries of Southwest Oklahoma and North Texas, Inc. fully supports these federal laws and will not discriminate or take any action against any employee or applicant for reporting discrimination, opposing discrimination, and/or participating in any internal, government agency, or court investigation or proceeding related to possible discrimination or retaliation.  Any employee or applicant who is concerned that prohibited discrimination or retaliation has occurred should report such concern to a manager or human resources representative as promptly as possible.  Such employee or applicant also may contact the Equal Employment Opportunity Commission, 210 Dean A. McGee Avenue, Suite 524, Oklahoma City, OK 73102, (405) 231-4911.  See www.eeoc.gov for additional information.

_____

Jimmy Crews, President & CEO, *Goodwill Industries of Southwest Oklahoma and North Texas, Inc.*

DATE: _____

**EXHIBIT B** [
Goodwill letterhead]

**Certification of Training Attendance**

Each of the undersigned managers and human resources representatives certifies  receipt of _____ hours of training on federal anti-discrimination laws on the date(s)  shown below.

**PLEASE SIGN AND DATE LEGIBLY.**

NAME AND TITLE                          DATE & HOURS ATTENDED

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____